FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 16 2019

at 1ᵒ o'clock and 19 min. A M
SUE BEITIA, CLERK JT

IFP subm.

cc: JMS

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

ARLENE M. ESTACION

    Plaintiff(s)

vs.

KAUMANA DRIVE PARTNERS, LLC dba
LEGACY HILO REHABILITATION &
NURSING CENTER, ANDRE HURST &
BENJAMIN MEEKER

    Defendant(s)

**COMPLAINT FOR A CIVIL CASE**

Case No. CV19 00255 JMSKJM

Jury Trial: ☑ Yes ☐ No

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Arlene M. Estacion
   Street Address: 25-2594 Nolemana St.
   City and County: Hilo, Hawaii
   State and Zip Code: HI, 96720
   Telephone Number: 808-292-3082
   E-mail Address: arlene.estacion@yahoo.com

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Kaumana Drive Partners, LLC, dba Legacy Hilo Rehabilitation & Nursing Center
   ~~Job or Title~~ (if known):
   Street Address: 583 Kaumana Drive
   City and County: Hilo, Hawaii
   State and Zip Code: HI, 96720
   Telephone Number: 808-498-0100
   E-mail Address (if known):

   Defendant No. 2
   Name: Andre Hurst
   Job or Title (if known): Owner
   Street Address: 808 Neptune Avenue
   City and County: Encinitas, San Diego County

2

State and Zip Code  California, 92024
Telephone Number   760-889-6074/760-452-6838
E-mail Address
(if known)

Defendant No. 3
Name               Benjamin Meeker
Job or Title       Owner & Attorney
(if known)
Street Address     2131 Palomar Airport Rd. #218
City and County    Carlsbad, San Diego County
State and Zip Code California, 92011
Telephone Number   949-940-6929/760-790-4800
E-mail Address     b/m@calseniorlaw.com
(if known)

Defendant No. 4
Name               _____
Job or Title       _____
(if known)
Street Address     _____
City and County    _____
State and Zip Code _____
Telephone Number   _____
E-mail Address     _____
(if known)

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Section 15(a)(3) of the Fair Labor Standards Act of 1983 (29 U.S. Code Section 215(a)(3))

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* Arlene M. Estacion, is a citizen of the State of *(name)* Hawaii.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)   See Attached Page 7

   a. If the defendant is an individual

      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*: because Plaintiff is seeking compensatory damages which prior to wrongful termination in April 2018, Ms. Estacion earned approximately $72,000 a year; received valuable employment benefits; general damages including emotional distress & mental distress; exemplary & punitive damages

**III. Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached Pages 8-12

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached Page 13

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/16, 2019

Signature of Plaintiff _____

Printed Name of Plaintiff   Arlene M. Estacion

B. **For Attorneys**

Date of signing: _____, 20__.

## II. Basic for Jurisdiction

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, Andre Hurst, is a citizen of the State of California.

    The defendant, Benjamin Meeker, is a citizen of the State of California.

    b. If the defendant is a corporation

    The defendant, Kaumana Drive Partners, LLC dba Legacy Hilo Rehabilitation & Nursing Center is incorporated in the State of Washington with its managing officers located in California.

**III. Statement of Claim:**

<u>Facts Common to all Claims</u>

Plaintiff, Arlene Plaintiff, Arlene Estacion began her employment at Legacy Hilo Rehabilitation & Nursing Center (the "Company") on June 1, 2016 as Human Resources Director.

Based upon information and belief, Defendant, Benjamin Meeker is an owner/officer of the Company. At all relevant times, Defendant, Benjamin Meeker was involved in the oversight of the Company's payroll.

Defendant Andre Defendant, is an owner/officer of the Company. At all relevant times, Defendant Andre Hurst was responsible for the day-to-day management of the Company. Johnalyn K. Rodrigues Nosaka was the Administrator of the Company and reported directly to Defendant, Andre Hurst.

Plaintiff, Arlene Estacion reported to Ms. Nosaka on a day-to-day basis. However, Plaintiff, Arlene Estacion had reporting obligations to Defendant, Andre Hurst as well. From time to time, Defendant, Andre Hurst directly requested Plaintiff, Arlene Estacion to perform various tasks instead of making the request through Ms. Nosaka.

Plaintiff, Arlene Estacion performed her duties at the Company in a diligent and professional manner. During her employment at the Company, Plaintiff, Arlene Estacion had no performance issues and did not receive any disciplinary actions or write-ups. Plaintiff, Arlene Estacion's performance evaluations consistently rated her performance as excellent.

In or about June 2017, Ms. Nosaka, with the approval of Defendant Andre Hurst, also assigned Plaintiff, Arlene Estacion as Compliance Officer at the Company. As Compliance Officer, she was responsible for planning, implementation, and maintenance of the corporate-wide compliance program at the Company.

On or about December 15, 2017, during a staff meeting, Defendant, Andre Defendant, Andre Hurst gave Plaintiff, Arlene Estacion additional responsibilities in the business office, which included managing all facility deposits, resident trust funds, petty cash, writing of facility checks and other duties as assigned by Defendant, Andre Hurst. On or about March 23, 2018, Defendant, Andre Hurst informed all management at the Company via email that Plaintiff, Arlene Estacion, was also the Business Office Manager.

In or about late March 2018, in her capacity as Human Resources Director at the Company, Plaintiff, Arlene Estacion received a call from the Jose Reyna, Wage and Hour Investigator from the U.S. Department of Labor, Wage and Hour Division ("WHD"), informing her that the WHD would be conducting an investigation of the Company. To that end, in or about early April 2018, Plaintiff, Arlene Estacion received a letter via e-mail from Reyna indicating that the WHD would be conducting an investigation on April 27, 2018 at the Company to determine the Company's compliance with the Fair Labor Standards Act ("FLSA"). Plaintiff, Arlene Estacion forwarded the letter to Defendants, Andre Hurst, Benjamin Meeker and Robert Pumphrey (the Company's accountant of R. Pumphrey & Associates, LLC of Strongsville, OHIO), and Ms. Nosaka.

On Friday, April 27, 2018, Mr. Reyna conducted the WHD investigation at the Company. As Human Resources Director, Plaintiff, Arlene Estacion participated in the investigation and responded to the questions asked by Mr. Reyna. Specifically, Plaintiff, Arlene Estacion informed Mr. Reyna that each Tuesday prior to the Friday payday, all department heads were summoned to the Conference room regarding the department's overtime and were directed by Defendant, Andre Hurst to "shave" overtime even though the employee worked it. For example, if an individual worked 30.82 hours, the .82 would be shaved off.

Mr. Reyna also requested additional payroll information from Plaintiff, Arlene Estacion, which she indicated she would provide on Monday or Tuesday the following week.

Mr. Reyna assured Plaintiff, Arlene Estacion that she would be protected because she had explained what had happened and that there were laws against retaliation.

On Sunday, April 29, 2018, Plaintiff, Arlene Estacion, the Company wrongfully terminated Plaintiff, Arlene Estacion's employment for pretextual and defamatory reasons. The Company falsely asserted that Plaintiff, Arlene Estacion had instructed employees to lie during a compliance investigation, acted insubordinately, and had poor performance.

Although Plaintiff, Arlene Estacion had not violated any company policies or done anything wrong, Plaintiff, Arlene Estacion was terminated in retaliation for her participation in the WHD investigation on Friday, April 27, 2018.

Even after Plaintiff, Arlene Estacion's termination, Defendant, Andre Hurst told several employees at the Company that Plaintiff, Arlene Estacion was a "thief" and that she had "embezzled money from Legacy."

First Cause of Action - Retaliation in Violation of the Fair Labor Standards Act Section 15(a)(3) (29 U.S. Code Section 215(a)(3))

As alleged herein and in violation of the FLSA Section 15(a)(3), Defendants, and each of them, among other things, wrongfully terminated Plaintiff, Arlene Estacion's employment. Plaintiff, Arlene Estacion's protected activities as alleged herein, were motivating factors in Defendants' retaliatory decision to terminate Plaintiff, Arlene Estacion's employment.

By the aforesaid acts of Defendants, and each of them, Plaintiff, Arlene Estacion has been directly caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial. As a further direct and legal result of the acts and conduct of Defendants, and each of them, Plaintiff, Arlene Estacion has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness, mental and physical pain, discomfort and anxiety, all to her damage in an amount 'according to proof at the time of trial. Plaintiff, Arlene Estacion has been generally damaged in an amount within the jurisdictional limits of this Court.

9

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff, Arlene Estacion thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

Second Cause of Action - Retaliation in Violation of the Hawaii Whistleblower's Protection Act (Hawaii Revised Statutes Section 378-62 *et seq.*)

As alleged herein and in violation of the Hawaii Whistleblower's Protection Act, Defendants, and each of them, among other things, wrongfully terminated Plaintiff, Arlene Estacion's employment. Plaintiff, Arlene Estacion's protected activities as alleged herein, were motivating factors in Defendants' retaliatory decision to terminate Plaintiff, Arlene Estacion's employment.

By the aforesaid acts of Defendants, and each of them, Plaintiff, Arlene Estacion has been directly caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial. As a further direct and legal result of the acts and conduct of Defendants, and each of them, Plaintiff, Arlene Estacion has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness, mental and physical pain, discomfort and anxiety, all to her damage in an amount 'according to proof at the time of trial. Plaintiff, Arlene Estacion has been generally damaged in an amount within the jurisdictional limits of this Court.

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff, Arlene Estacion thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

Third Cause of Action - Wrongful Termination in Violation of Public Policy
As set forth herein, Defendants, and each of them, among other things, terminated Plaintiff, Arlene Estacion's employment and engaged in other adverse actions against her. In taking such actions, Defendants were motivated, in whole or in part, by Plaintiff, Arlene Estacion's protected participation in a governmental investigation.

By reason of the aforementioned acts and conduct, Defendants, and each of them, violated the fundamental public policies of the State of Hawaii and other statutes and regulations. Such fundamental public policies prohibit employers from retaliating against employees for engaging in protected activity.

By the aforesaid acts of Defendants, and each of them, Plaintiff, Arlene Estacion has been directly caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

As a further direct and legal result of the acts and conduct of Defendants, and each of them, Plaintiff, Arlene Estacion has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness, mental and physical pain, discomfort and anxiety, all to her damage in an amount 'according to proof at the time of trial. Plaintiff, Arlene Estacion has been generally damaged in an amount within the jurisdictional limits of this Court.

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff, Arlene Estacion thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

Fourth Cause of Action – Intentional Infliction of Emotional Distress

The conduct of Defendants, and each of them, as set forth above was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside of the compensation bargain. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress.

As a direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff, Arlene Estacion has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety. Plaintiff, Arlene Estacion does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

Plaintiff, Arlene Estacion has been generally damaged in an amount within the jurisdictional limits of this Court.

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff, Arlene Estacion thereby justifying the award of punitive and exemplary damages in an amount according to proof at the time of trial.

Fifth Cause of Action - Defamation

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that Defendants, and each of them, spoke to others, including employees, other managers and/or supervisors, and others, and made defamatory statements with respect to Plaintiff, Arlene Estacion, which were false and known by Defendants at all times to be false. The false published statements include but are not limited to statements that Plaintiff, Arlene Estacion was a thief, she had instructed employees to lie in investigations, and that she embezzled money from the Company.

Plaintiff, Arlene Estacion also is informed and believes, and thereon alleges, that she has and will in the future seek employment, during which time she will have to explain why she left her employment with Defendants. Plaintiff, Arlene Estacion will then have to relate to these prospective employers Defendants' false, pretextual bases for her termination. Plaintiff, Arlene Estacion is informed and believes, and thereon alleges, that prospective employers will interpret the reasons given by Defendants, and each of them, for her termination to mean that Plaintiff, Arlene Estacion is untruthful, incompetent, inferior and generally unfit for employment.

Plaintiff, Arlene Estacion is informed and believes and on that basis alleges that Defendants, and each of them, made these communications intentionally, willfully and maliciously to interfere with Plaintiff, Arlene Estacion's employment.

As a direct and legal result of the defamatory statements made by Defendants and each of them, as alleged herein, Plaintiff, Arlene Estacion has suffered injury to her business and professional reputation, and further has suffered and continues to suffer embarrassment, humiliation and anguish all to her damage in an amount according to proof at the time of trial.

By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff, Arlene Estacion has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff, Arlene Estacion has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, mental and physical pain, discomfort and anxiety. Plaintiff, Arlene Estacion does not know at this time the exact duration or permanence of said injuries, but are informed and believe and thereon allege that some if not all of the injuries are reasonably certain to be permanent in character.

Plaintiff, Arlene Estacion is informed and believes and thereon alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted in willful and conscious disregard of the rights, welfare and safety of Plaintiff, Arlene Estacion thereby justifying the aware of punitive and exemplary damages in an amount to be determined at trial.

## IV. Relief

Plaintiff, Arlene Estacion requests judgment be entered in her favor and against Defendants, and each of them, and for the following relief against Defendants, and each of them, as follows:

1. For compensatory and general damages in an amount within the jurisdictional limits of the Court;

2. For special damages in an amount within the jurisdictional limits of this Court according to proof for Plaintiff, Arlene Estacion's loss of past and future earnings, loss of benefits, loss of job security and all damages flowing therefrom;

3. For all general and special damages to compensate Plaintiff, Arlene Estacion for any past and future medical expenses and suffering and related damages;

4. For money judgment for physical pain, injury, anguish and distress, as the same have resulted from the emotional stress and distress;

5. For exemplary or punitive damages, as allowed by law;

6. For liquidated damages, as allowed by law;

7. Prejudgment and post-judgment interest as available by law;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court may deem just and proper.