IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ARLENE M. CRUZ, | ) | Civil No. 19-00255 JMS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | DEFENDANT KAUMANA DRIVE |
| | ) | PARTNERS, LLC AND PLAINTIFF |
| KAUMANA DRIVE PARTNERS, | ) | ARLENE M. CRUZ'S JOINT |
| LLC, DBA LEGACY HILO | ) | PETITION FOR FINDING OF |
| REHABILITATION & NURSING | ) | GOOD FAITH SETTLEMENT |
| CENTER; ANDRE HURST; | ) | PURSUANT TO HRS § 663-15.5 |
| BENJAMIN MEEKER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT KAUMANA DRIVE PARTNERS, LLC AND
PLAINTIFF ARLENE M. CRUZ'S JOINT PETITION FOR
FINDING OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5

On September 14, 2021, Defendant Kaumana Drive Partners, LLC ("Defendant Company"), and Plaintiff Arlene M. Cruz ("Plaintiff") filed a Joint Petition for Finding of Good Faith Settlement ("Joint Petition"). ECF No. 82. The Joint Petition seeks a determination of good faith settlement pursuant to section 663-15.5 of the Hawaii Revised Statutes ("HRS"). *See id.* at 2.

On October 14, 2021, the Court held a telephonic hearing on the Joint Petition. Peter C. Hsieh, Esq., appeared on behalf of Plaintiff. Carl H. Osaki, Esq., appeared on behalf of Defendant Company and Defendants Andre Hurst and Benjamin Meeker ("Individual Defendants"). After carefully considering the

submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district court GRANT the Joint Petition for the reasons set forth below.

## BACKGROUND

This action arises from Plaintiff's employment at Defendant Company, where she was, among other roles, Human Resources Director.  ECF No. 36 at 8.  Plaintiff participated in a 2018 U.S. Department of Labor, Wage and Hour Division investigation to determine Defendant Company's compliance with the Fair Labor Standards Act.  *Id.* at 9.  Plaintiff alleged that Individual Defendants, the owners or officers of Defendant Company, decided to terminate Plaintiff's employment from Defendant Company for her involvement in the investigation.  *Id.* at 8, 9.

On May 16, 2019, Plaintiff filed a Complaint for, among other things, wrongful termination.  ECF No. 1.  On October 18, 2019, the district court granted in part and denied in part the Individual Defendants' motion to dismiss.  ECF Nos. 34.  On November 18, 2019, Plaintiff filed a First Amended Complaint ("Amended Complaint").  ECF No. 36.  On April 2, 2020, the district court granted in part and denied in part the Individual Defendants' motion to dismiss certain causes of action in the Amended Complaint.  ECF No. 54.  The district court dismissed only Plaintiff's claim for retaliatory termination under the Hawaii Whistleblowers' Protection Act as asserted against the Individual Defendants.  The district court left intact Plaintiff's remaining claims.

In the interim, on October 6, 2019, Defendant Company filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Proceeding"). ECF No. 82-5 at 1 ¶ A. On November 20, 2019, Plaintiff filed a proof of claim and asserted a general unsecured claim in an unliquidated amount for alleged damages resulting from the termination of her employment. *Id*. at ¶ C. On May 4, 2021, Plaintiff and Defendant Company settled their claims in the Bankruptcy Proceeding, the terms of which they incorporated into a written settlement agreement. *See* ECF No. 82-5. On June 1, 2021, the bankruptcy court granted Defendant Company's Motion to Approve Settlement Agreement. *See* ECF No. 82-7.

Instantly, Plaintiff and Defendant Company seek from this Court a finding of good faith settlement pursuant to HRS § 663-15.5. The Individual Defendants do not object to the requested finding. *See* ECF Nos. 82-2, 82-3.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(a), (d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances," including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer v. Adams*, 102 Haw. 399, 427, 77 P.3d 83, 111 (2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  *Id*.  Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment.  *Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc.*, 293 F. Supp. 2d 1144, 1154 (D. Haw.

2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

The Court has reviewed the factors set forth in *Troyer v. Adams* and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of section 663-15.5, are reasonable, and in good faith. Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiff and Defendant Company entered into their settlement in good faith.

## CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff Arlene M. Cruz and Defendant Kaumana Drive Partners, LLC, entered into a settlement in good faith under Hawaii Revised Statutes section 663-15.5. The Court thus RECOMMENDS that the district court GRANT Defendant Kaumana Drive Partners, LLC and Plaintiff Arlene M. Cruz's Joint Petition for Finding of Good Faith Settlement (ECF No. 82).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 14, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Estacion v. Kaumana Drive Partners, LLC, et al.*, Civil No. 19-00255 JMS-KJM; Order Granting Defendant Kaumana Drive Partners, LLC and Plaintiff Arlene M. Cruz's Joint Petition for Finding of Good Faith Settlement